UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>FORE RIVER WAREHOUSING &,<br>STORAGE CO., INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Docket no. 2:09-cv-166-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO DISMISS**

      Before the Court is Defendant's Motion to Dismiss (Docket # 6). The Motion asserts that Plaintiff's Complaint should be dismissed on the basis of this Court's dismissal of a prior litigation between the parties. See Springfield Terminal R. Co. v. Fore River Warehousing and Storage Co, Inc., D. Me. Docket No. 2:07-cv-52 (hereinafter the "Prior Litigation").

      The Prior Litigation began on March 28, 2007. Within three months, the Court received a motion from Fore River Warehousing & Storage Co., Inc. ("Fore River") seeking to stay the litigation and refer various questions to the Surface Transportation Board ("STB"). (See Def.'s Mot. to Stay Case and Refer Questions (Docket # 6 in D. Me. Docket No. 2:07-cv-52).) After an extended briefing schedule, the Magistrate Judge issued his Recommended Decision, which this Court adopted by way of an order entered on September 6, 2007 (Docket # 12 in D. Me. Docket No. 2:07-cv-52). At that point, the Prior Litigation was stayed for the purpose of referring specific questions to the STB for resolution. The stay was ultimately extended through June 2008. However, Plaintiff Springfield Terminal Railway Company ("Springfield") had not yet taken any steps to bring the referred questions before the STB (thereby disregarding the Court's

prior orders). In response to Springfield's Third Motion for Stay (Docket # 18 in D. Me. Docket No. 2:07-cv-52), Fore River filed a motion to have the case dismissed pursuant to Federal Rule of Civil Procedure 41(b). On July 16, 2008, the Court entered its order dismissing the Prior Litigation without prejudice. In doing so, the Court specifically relied upon Springfield's acknowledgement that its case needed to proceed before the STB (although it had failed to bring the matter before the STB prior to June 26, 2008). (See Order of Dismissal Without Prejudice (Docket # 26 in D. Me. Docket No. 2:07-cv-52).) The Court nonetheless explicitly made its dismissal *without* prejudice upon finding good cause to allow Plaintiff to "pursu[e] whatever remedies (if any) may still be available . . . from the STB." (See id.)

Springfield, in fact, filed its Petition for Declaratory Order with the STB on July 8, 2008. In a decision dated February 10, 2009 (Docket # 8-2), the STB approved a declaratory order proceeding to address the issues surrounding the 2006 demurrage charges only. The STB's February 10, 2009 Decision explicitly indicated that there was the potential for an actual collection action to be time-barred in the absence of a timely filed court action. It is apparent that STB's indications in this regard and a quick review of the calendar, in turn, prompted Springfield to file the current Complaint in order to toll the statute of limitations with respect to the 2006 demurrage charges. In short, without a timely filed collection action, Springfield now realizes that any STB ruling in their favor may be illusory and they will be unable to collect any 2006 demurrage charges to the extent such charges are deemed properly assessed by STB.

In dismissing the Prior Litigation, it was this Court's intention to allow Plaintiff to collect on its claims to the extent that they received a favorable ruling from the STB, which the Court had already determined retained primary jurisdiction over Springfield's claims. Notably, at the time the Court issued its ruling dismissing the case without prejudice, neither side suggested that

2

the Prior Litigation needed to remain pending in order for Springfield to collect on any STB decision ultimately made in its favor. While not foreclosing Defendant from later arguing that Springfield's collection should be time-barred, the Court refuses to hold that its dismissal of the Prior Litigation without prejudice provides a foundation for dismissing the current Complaint with prejudice. Therefore, Defendant's Motion to Dismiss is hereby DENIED WITHOUT PREJUDICE to Defendant renewing any arguments in favor of dismissal at a later date assuming those arguments are not mooted by the outcome of the STB proceeding.

To be clear, the Court expects Springfield to move expeditiously to complete the pending STB proceedings. In order to allow the Court to manage this matter efficiently, Springfield is hereby ORDERED to file a status report within sixty (60) days of this Order that provides the Court with an estimated timeline for completion of the STB proceedings, including a copy of the STB docket and all recent filings with the STB. If Fore River wishes to supplement this filing in any way, it may do so within ten (10) days of the filing of Springfield's status report. After its review of these filings, the Court will issue an appropriate scheduling order; until then, this matter shall be STAYED and no scheduling order will issue.

SO ORDERED.

                                                 /s/ George Z. Singal
                                                 United States District Judge

Dated this 27th day of July, 2009.